IN THE UNITED STATES DISRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PATRICIA RUTH                                                                               PLAINTIFF

V.                                         NO. 15 -5141

CAROLYN COLVIN,
Acting Commissioner of the Social Security Administration                    DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Patricia Ruth, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.   Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on August 21, 2012, alleging an inability to work since March 15, 2012,[1] due to degenerative disc disease. (Tr. 166-172, 198, 202). An administrative hearing was held on October 30, 2013, at which Plaintiff appeared with counsel, and she and her husband testified. (Tr. 30-52).

---

[1] Plaintiff's counsel amended the alleged onset date to August 18, 2012, at the hearing. (Tr. 38).

1

By written decision dated January 31, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – degenerative disc disease of lumbar spine. (Tr. 14). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), in that the claimant can occasionally lift and carry 20 pounds and she can frequently lift and carry 10 pounds; the claimant can stand and walk about 6 hours in an 8-hour workday; the claimant can sit about 6 hours in an 8-hour workday.

(Tr. 15). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be able to perform her past relevant work as a fast food worker/food prep cook. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 25, 2015. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8-9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. <u>Ramirez v. Barnhart</u>, 292 F. 3d 576, 583

(8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe

3

physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);   20 C.F.R. §§404.1520, 416.920, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III.    Discussion:

Plaintiff raises the following issues in this matter: 1) Whether there was substantial evidence to find that Plaintiff could perform a full range of light duty work; 2) Whether the ALJ gave proper weight to the opinion of the Plaintiff's treating physician; 3) Whether the ALJ's credibility determination was supported by substantial evidence; and 4) Whether there was substantial evidence that Plaintiff could return to past work. (Doc. 8).

In this case, the ALJ found Plaintiff had the RFC to perform a full range of light work. For the reasons set forth below, the Court finds there is not sufficient evidence to support this conclusion.

The medical records are very limited, but they indicate that Plaintiff was treated by Dr. David Knox, of the Northwest Arkansas Neurosurgery Clinic, and Dr. Bob Wilson, of Northwest Family Care Clinic. The records of Dr. Knox indicate that Plaintiff had back surgery in 2004 and 2008, and that on May 16, 2011, Plaintiff complained to Dr. Knox that she was still having lower back pain with some left leg pain and ankle weakness. (Tr. 283).

4

Six x-ray views of Plaintiff's lumbar spine, taken on May 16, 2011, revealed no evidence of movement on flexion and extension views, but there did appear to be a slight retrolisthesis at 3 or 4 in extension and neutral views. There was a stable appearing L4-5 fusion, otherwise, no evidence of overt bony lesion. (Tr. 286). On September 22, 2011, Plaintiff saw Dr. Knox, complaining of recurrent lower back pain unrelated to a specific incident. (Tr. 279). At that time, she was working full-time in home health care. She had straight leg raising positive on the left and moderately limited extension of the lumbar spine. (Tr. 279). Plaintiff again saw Dr. Knox on March 5, 2012, for follow-up. At that time, she was doing home exercises and working part-time in home health care. (Tr. 276). She continued to be plagued with significant lumbago and left leg pain. (Tr. 301). Dr. Knox reported that he asked her if she was bad enough to warrant any further surgical endeavors and she was not so certain that she wanted to pursue those avenues at that time. (Tr. 301). Dr. Knox noted that he had done a MRI scan a few years previously, which demonstrated changes at the level above her old fusion at 3-4. (Tr. 301).

The other medical record is that of Dr. Wilson, who saw Plaintiff on March 15, 2012. At that time, Dr. Wilson reported that there were no visual or palpable abnormalities of the spine or extremities. Her right lumbar musculature was tender, her sensory and motor were normal, her gait and station were normal, there was no weakness of the plantar or dorsiflexors of the great toes, and her straight leg raise was with tingling in bilateral feet. (Tr. 289). Dr. Wilson also noted that Plaintiff's chief complaint was "[h]elp with disability." (Tr. 291). Dr. Wilson more fully set out Plaintiff's history, noting that in 2004, Plaintiff hurt her back lifting a patient at work, and that she had a MRI showing lumbar disc problems and was referred to Dr. Danks, who did a partial discectomy in January of 2005. (Tr. 291). She

continued to have problems after that, and Dr. Knox did a full discectomy, spinal fusion, in June of 2008. (Tr. 291). Dr. Wilson noted that Plaintiff did well for a while following surgery, but had been progressively worsening. Dr. Wilson reported that Plaintiff had continued to see Dr. Knox a couple times a year, and had tried physical therapy. (Tr. 291). Dr. Knox reported that "I do think she needs disability and recommend she pursue the application process." (Tr. 291). The Court notes that in Dr. Wilson's report, it was reported that Dr. Knox had been allowing Plaintiff to take Klonopin ½ to 1 pill at bedtime due to her chronic low back pain, which did help her rest, and that "[s]he has no insurance and cannot afford to return to Dr. Knox at this time and asks if I will take over on the medication." (Tr. 293). Dr. Wilson concluded that he was "okay taking over on this medicine as long as her need for it does not escalate." (Tr. 293).

The record also contains a Physical RFC Assessment dated November 1, 2012, by non-examining consultant, Dr. Charles Friedman, who concluded Plaintiff would be able to perform light work with occasional climbing ramps/stairs, ladders/ropes/scaffolds, stooping and crouching; and frequent balancing, kneeling and crawling. (Tr. 62). This opinion was affirmed by non-examining consultant, Dr. Ronald Davis, on January 17, 2013. (Tr. 79).

As indicated earlier in this opinion, the ALJ found Plaintiff would be able to perform a full range of light work, without any postural limitations. The ALJ noted that Plaintiff did not make a 6-month follow up appointment with Dr. Knox as he had instructed in March of 2012, but did not address the fact that Plaintiff reported to Dr. Wilson that she could no longer afford to see Dr. Knox. The ALJ stated that he did not find that Plaintiff was limited to only occasional climbing, stooping, or crouching, "as the objective medical evidence did not support these limitations." (Tr. 20). He further stated that he gave weight to the findings and

6

conclusions of Dr. Knox, as he was the provider who performed the claimant's spinal fusion and then followed her treatment subsequent to her surgery, and that Dr. Knox never stated that Plaintiff was disabled or had limitations or restrictions in her ability to work. (Tr. 20). The ALJ also gave little weight to Dr. Wilson's March of 2012 opinion, wherein he found that Plaintiff needed disability because Dr. Wilson had "apparently based this determination in great part on the miscommunicated message the claimant gave him in which she stated that Dr. Knox told her that 'more surgeries will probably not help her and it may be time to pursue disability.'" (Tr. 20). The ALJ also concluded that Plaintiff had only seen Dr. Wilson two times (in March of 2012 and September of 2012), and therefore lacked an adequate longitudinal history of treating Plaintiff, but failed to note that Plaintiff testified she had been seeing Dr. Wilson since 2004. (Tr. 44).

The Court is of the opinion that the ALJ failed to give sufficient reasons to disregard the postural limitations suggested by the state agency physicians, and to give little weight to the opinion of Plaintiff's treating physician, Dr. Wilson. There is, in essence, no medical evidence to support the ALJ's conclusion that Plaintiff can perform the full range of light work with no limitations. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

Based upon the foregoing, the Court finds this matter should be remanded in order for the ALJ to obtain a physical examination of Plaintiff, and a Physical RFC Assessment, preferably by a neurosurgeon, and then to re-evaluate Plaintiff's RFC.

**IV.** **Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, reverses and remands this matter to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 25th day of July, 2016.

/s/ *Erin L. Steer*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE